USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-11-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZIM INTEGRATED SHIPPING SERVICES, LTD.,

                Plaintiff,          12 Civ. 3478 (PKC)

     -against-

                           MEMORANDUM AND ORDER

DAVID A KNOTT, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, District Judge:

       I have plaintiff's counsel's letter of February 6, 2013 which I construe as a motion to reconsider the denial of its motion for a default judgment against David A. Knott, DAK Logistics Services, LLC and DAK Logistics Systems, LLC.. Most respectfully, the original motion and the letter are opaque in addressing the issue of sufficiency of service of process. Each defendant was served by personal service upon a store clerk at a UPS store in Suisun, California.

       Plaintiff failed to articulate the basis for its belief that service upon the clerk is proper service upon the three defendants in this action. Such a form of service may be valid if a defendant has expressly consented to it, has designated an agent for service of process either voluntarily or by operation of law, a statute or rule permits such service or a court, for cause shown, has entered an order permitting substituted service in this manner. See generally Rule 4, Fed. R. Civ. P. If any of these circumstances pertain, they are not apparent from either plaintiff's original submission to this Court or its letter of February 6.

       The original complaint named "David A. Knott d/b/a DAK Logistics Services a/k/a DAK Logistics Systems, LLC." Despite the use of the plural in referring to "defendants," the caption reflects an intention to sue Mr. Knott, who does business as "DAK Logistics Services," which is also known as "DAK Logistics Systems, LLC." Elsewhere in the complaint,

Mr. Knott, DAK Logistics Services and DAK Logistics Systems, LLC are collectively referred to as "DAK" which is then defined as a "corporation." There is no basis to believe Mr. Knott is a corporation sole, a concept usually reserved for ecclesiastical authorities. See, e.g. N.L.R.B. v. Catholic Bishop of Chicago, 440 U.S. 490, 492 (1979). Nor is an LLC or limited liability company a corporation. See, e.g. Semack v. 35 Hamden Hills Drive, LLC, Slip Copy, 2013 WL 395486 (D.Conn. 2013).

Mr. Knott, however, did file a notice of appearance and answer the complaint on June 12, 2012 and did so, on behalf of himself, the only named defendant. His answer did not raise the defenses of lack of personal jurisdiction or insufficient process. As such, Mr. Knott has waived these defenses. Rule 12(h), Fed. R. Civ. P. This Court acquired personal jurisdiction over Mr. Knott.

Based upon information provided to the Court at a June 13, 2013 pretrial conference and mindfully that the only party named in the original suit was Mr. Knott, the Court granted plaintiff leave to amend its complaint to name as a defendant "DAK Logistics Services, a corporation." Instead, plaintiff amended its complaint to name as defendants two LLCs, DAK Logistics Services, LLC and DAK Logistics Systems, LLC, each of which is described as a California corporations. Under California law, an LLC is not a corporation. See People v. Pacific Landmark, 129 Cal.App.4th 1203, 29 Cal.Rptr.3d 193 (Cal.App. 2 Dist. 2005).

The Amended Complaint, now naming as defendants for the first time DAK Logistics Services, LLC and DAK Logistics Systems, LLC, was served upon a clerk at UPS store. The Amended Complaint was also served on Mr. Knott in like manner. The address of the UPS store is the same address given by Mr. Knott when he appeared and answered the original complaint. Because Mr. Knott had appeared in the action, service of the Amended Complaint

upon him by delivering it to his last known address was sufficient. Rule 5(a) & (b)(2)(D), Fed. R. Civ. P. But there is no basis in the submissions to this Court to conclude that service upon the UPS store clerk constituted valid service upon DAK Logistics Services, LLC and DAK Logistics Systems, LLC.

The motion to reconsider is granted as to David A. Knott. Plaintiff may submit a default judgment as to him. It is otherwise denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 11, 2013